

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00928-CV

**IN RE** Dustin L. **BARRETT**

Original Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 20, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator (Dustin) argues the trial court abused its discretion by denying his motion to enter an order on the parties' mediated settlement agreement (MSA). Real Party in Interest (Hartley) argues Dustin breached the MSA after it was signed and before Dustin's motion to enter was heard, and therefore the trial court properly sustained her objections and denied Dustin's motion.

Having reviewed Dustin's petition, Hartley's response, and the materials the trial court relied on, we conditionally grant Dustin's petition.

### BACKGROUND

The underlying dispute arises from divorced parents' competing motions to modify the parent-child relationship.

---

[1]This proceeding arises out of Cause No. 2020-0012-CCL, styled *In the Interest of D.L.B., D.L.B., and D.L.B., Children*, pending in the County Court at Law, Val Verde County, Texas, the Honorable Sergio J. Gonzalez presiding.

**A.    Marriage, Divorce, Children**

Dustin and Hartley had three children born of their marriage.  In April 2021, their Agreed Final Decree of Divorce was signed.  About six months later, Hartley moved to modify the parent-child relationship, and the trial court appointed an attorney ad litem for the children.  A few months later, Dustin filed a counter petition.

**B.    Mediated Settlement Agreement**

The parties mediated, and on April 21, 2023, they executed an MSA.  One of the MSA's provisions was that Dustin's possession of the children would progress in stages beginning with only supervised visits.  The parties exchanged drafts of a proposed final order that incorporated the terms of the MSA.  Before they could agree on final language, according to Hartley, Dustin materially breached the MSA.

**C.    Motion to Enter, Objections**

In June 2023, Dustin moved to enter his proposed final order based on the MSA.  A few days later, Hartley responded to Dustin's motion by filing her objections to its entry and notice of Dustin's breach of the MSA.  She asked the trial court (1) to set a status hearing on her objections and (2) to set her amended petition for modification for a final trial on the merits.

**D.    Status Hearing**

On August 14, 2023, the trial court held a status hearing via Zoom.  Hartley, her lawyer, Dustin's lawyer, and the children's attorney ad litem participated in the hearing, but Dustin did not.  At the outset, without her being sworn, the trial court asked Hartley when she divorced and a few questions about the children as they started a new school year.  She answered those questions, but she was never sworn, and she was never called to testify.  In fact, no witnesses were called; the hearing consisted exclusively of arguments from the parties' lawyers.

### 1. Background

Hartley began by briefly summarizing the relevant background information. After her divorce from Dustin was final, she petitioned to modify the parent-child relationship, and the record shows Dustin filed a counter petition. The parties mediated, they executed an MSA, and she "fully expected that that could be entered as a judgment." But according to Hartley, within a month after executing the MSA, Dustin breached it.

### 2. Alleged Breaches of MSA

Hartley argued that Dustin materially breached the MSA by (1) failing to attend his required individual therapy, (2) failing to increase child support, and (3) violating the supervised visitation requirements. She alleged that during a visit with the children at a public park, Dustin inappropriately touched their daughter. The daughter ran away from the park to her home, and the next day she made an outcry to her school resource officer. A police report was filed for indecency with a child, and the Department investigated, but Hartley did not know the results of the investigation. She contended that the material breaches made the MSA void, and the trial court should not enter an order on the MSA.

### 3. Hartley: Statutory Exception Applies

Hartley also argued that the trial court could deny Dustin's motion under the family violence exception in section 153.0071(e-1). *See* Tex. Fam. Code Ann. § 153.0071(e-1). She asserted that the allegation of indecency with a child met subsection (e-1)'s family violence exception, and the trial court could decline to enter a final order on the MSA.

### 4. Dustin: Statutory Exception Inapplicable

Dustin argued that subsection (e-1) does not apply because the provision's requirements were not met: there was no evidence that either he or Hartley were victims of family violence that

impaired his or her ability to make a decision. *See id.* He insisted that, absent fraud or duress, the trial court's duty was to enter an order based on the MSA.

### 5. Ad Litem's Recommendation

The children's attorney ad litem asked the trial court to not enter an order on the MSA because it was not in the children's best interests. She had talked with the children about "the events that happened after the MSA was [executed]," and she "found the children to be very credible and genuine in their interviews."

### 6. Trial Court's Oral Ruling

The trial court noted that it had reviewed the MSA and considered the parties' arguments. It denied Dustin's motion to enter an order on the MSA and it set the matter for a final hearing. It expressly stated it was "not making any judgments . . . as to the reports [pertaining to the] May 23rd [incident]" because it did not have copies of the reports. But it added, "I believe I do have the authority to not enter this MSA for the safety and welfare of the children." When asked, the trial court confirmed that the sole basis for its decision was the safety and welfare of the children.

### E. Trial Court's Order

The trial court's October 16, 2023 written order states that it "considered Respondent's Motion to Enter Order and Petitioner's Objections to Motion to Enter Order, Notice of Breach of Mediated Settlement Agreement, Request for Trial Setting and Status Conference, and after reviewing the evidence and hearing the arguments," the court made its decisions. It sustained Hartley's objections to Dustin's motion to enter, found that entering Dustin's proposed final order based on the MSA would not be in the best interest of the children, and denied Dustin's motion to enter; it also set the motions to modify for a final trial on the merits.

**F.     Dustin's Petition for Writ of Mandamus**

The next day, Dustin filed his petition for writ of mandamus.  He argues that the MSA fully complied with the statutory requirements to make it a valid, enforceable agreement, which Hartley does not dispute, and he was entitled to judgment on the MSA.  He insists there was no evidence to meet section 153.0071(e-1)'s provisions that would have allowed the trial court to decline to enter a judgment on the MSA, and by failing to enter an order on the MSA, the trial court abused its discretion.

Before we address the parties' arguments, we briefly review the applicable law and standard of review.

MEDIATED SETTLEMENT AGREEMENT

The legislature has decided that "[i]t is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession, and support of children, and the early settlement of pending litigation through voluntary settlement procedures." TEX. CIV. PRAC. & REM. CODE ANN. § 154.002; *accord Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019) (per curiam); *In re A.C.*, 560 S.W.3d 624, 632 (Tex. 2018).

**A.     MSA Statutory Requirements**

To further that policy, the legislature enacted section 153.0071.  Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 27, sec. 153.0071, 1995 Tex. Gen. Laws 3888, 3899 (codified at TEX. FAM. CODE ANN. § 153.0071).  Subsection (d) makes an MSA "binding on the parties if the agreement" meets certain requirements. TEX. FAM. CODE ANN. § 153.0071(d); *In re Lee*, 411 S.W.3d 445, 452 (Tex. 2013); *see Highsmith*, 587 S.W.3d at 775 ("[A] statutorily compliant MSA is binding on both the parties and the trial court, subject to a few narrow exceptions.").

**B.      Right to Judgment on an MSA**

In the succeeding subsection, the legislature reinforced a valid MSA's efficacy. *See* TEX. FAM. CODE ANN. § 153.0071(e); *In re A.C.*, 560 S.W.3d at 632; *In re Lee*, 411 S.W.3d at 453. "Section 153.0071(e) unambiguously states that a party is 'entitled to judgment' on an MSA that meets the statutory requirements 'notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.'" *In re Lee*, 411 S.W.3d at 453 (quoting TEX. FAM. CODE ANN. § 153.0071(e)); *see Highsmith*, 587 S.W.3d at 775.

But there are at least two exceptions to enforcing a statutorily sound MSA.

**C.      Statutory Exception**

The first is a statutory exception. "Subsection (e–1) provides a narrow exception, allowing a trial court to decline to enter judgment on an MSA when three requirements are all met: (1) a party to the agreement was a victim of family violence, *and* (2) the court finds the family violence impaired the party's ability to make decisions, *and* (3) the agreement is not in the child's best interest." *In re Lee*, 411 S.W.3d at 453; *accord Highsmith*, 587 S.W.3d at 775 n.3 (recognizing subsection (e-1)'s exceptions).

**D.      Case Law Exception**

The second is a case law exception. In *In re Lee*, "a majority of justices opined that a trial court may decline to render judgment on a statutorily compliant MSA when it would endanger a child's safety and welfare." *Highsmith*, 587 S.W.3d at 775 n.3 (referring to Justice Guzman's concurring opinion and Justice Green's dissenting opinion—which was joined by the chief justice and two other justices). In her concurring opinion, Justice Guzman "agree[d] with the dissent to the extent it believes that a contextual reading of the Family Code allows a narrow inquiry into whether entering judgment on an MSA could endanger the safety and welfare of a child." *In re Lee*, 411 S.W.3d at 463–64 (Guzman, J., concurring).

**E.      Contract Defense Exception**

A third exception may not exist: "It is unsettled whether ordinary contract defenses render MSAs unenforceable under the statutory provisions governing MSAs." *In re Willeford*, No. 04-20-00495-CV, 2021 WL 356242, at *2 (Tex. App.—San Antonio Feb. 3, 2021, orig. proceeding) (mem. op.) (citing *Highsmith*, 587 S.W.3d at 777 n.5); *see Highsmith*, 587 S.W.3d at 777 n.5 ("[W]e need not and do not address whether an MSA that complies with the statutory formalities may nevertheless be set aside on the ground that it is illegal or was procured by fraud, duress, or coercion."). *But see Highsmith*, 587 S.W.3d at 778 ("Parties challenging an MSA may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside.").

Having recited the applicable law regarding entering an order based on an MSA, we briefly recite the applicable standard of review.

## MANDAMUS STANDARD OF REVIEW

"Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy on appeal." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam) (quoting *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding)).

Because a party seeking to enforce a valid MSA would lose much of the MSA's benefits if the party was required to prosecute an appeal, the supreme court has concluded that "[m]andamus relief is available to remedy a trial court's erroneous refusal to enter judgment on an MSA." *In re Lee*, 411 S.W.3d at 450 n.7 (citing *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding)).

"If the record contains legally sufficient evidence both against and in support of the trial court's decision then mandamus will not lie because weighing conflicting evidence is a trial court

function." *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 686 (Tex. 2007) (orig. proceeding) (Johnson, J., dissenting) ("[A]n appellate court may not deal with disputed areas of fact in a mandamus proceeding." (quoting *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978) (orig. proceeding))); *accord In re B.R.H.*, 426 S.W.3d 163, 168 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). But a trial court abuses its discretion if there is no evidence to support its decision. *See Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) (orig. proceeding) (per curiam) ("A trial judge, who denies discovery in the absence of evidence substantiating the claim of privilege, abuses his discretion."); *In re Mansfield*, No. 04-19-00249-CV, 2019 WL 2439104, at *3 (Tex. App.—San Antonio June 12, 2019, orig. proceeding) (mem. op.) (concluding the trial court abused its discretion when no evidence supported its decision); *D.N.S. v. Schattman*, 937 S.W.2d 151, 155 (Tex. App.—Fort Worth 1997, orig. proceeding) ("A trial court also abuses its discretion when there is no evidence to support its ruling.").

**DISCUSSION**

To determine whether the trial court abused its discretion in denying Dustin's motion to enter an order on the parties' MSA, we consider whether the MSA was valid and if any exceptions allowed the trial court to decline to enter judgment on the MSA.

## A. MSA Meets Statutory Requirements

We first address whether the MSA was in evidence, considered by the trial court, and statutorily sound.

Hartley's objections included a copy of the MSA, and the trial court's order states that it considered Hartley's objections—which necessarily included the MSA. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 261 (Tex. 2020). Dustin asserts that the MSA meets the statutory requirements, and Hartley agrees. *See* TEX. FAM. CODE ANN. § 153.0071(d); *In re Lee*, 411 S.W.3d at 452.

Having reviewed the MSA, we also agree. The MSA states in bold, all-capital letters that it is not subject to revocation, and it was signed by Dustin, Hartley, and the attorneys who were present for the mediation. *See* TEX. FAM. CODE ANN. § 153.0071(d); *In re Lee*, 411 S.W.3d at 452. We conclude the MSA was evidence the trial court considered, and the MSA met the statutory requirements. *See* TEX. FAM. CODE ANN. § 153.0071(d); *In re Lee*, 411 S.W.3d at 452.

**B.     Exceptions to Right to Judgment**

Given the MSA complied with the statute, Dustin was entitled to judgment on it unless there was sufficient evidence of one or more exceptions. *See Highsmith*, 587 S.W.3d at 775 ("[A] statutorily compliant MSA is binding on both the parties and the trial court, subject to a few narrow exceptions."); *In re A.C.*, 560 S.W.3d at 632.

*1.   Statutory Exception*

To invoke the statutory exception, Hartley argues that (1) their daughter was a party affected by the MSA, (2) Dustin's alleged inappropriate contact with their daughter made their daughter a victim of family violence, and thus (3) she satisfied subsection (e-1)'s exception. *See* TEX. FAM. CODE ANN. § 153.0071(e-1) (allowing a court to "decline to enter a judgment on a mediated settlement agreement if the court finds . . . that . . . a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions" and the MSA "is not in the child's best interest"); *In re Lee*, 411 S.W.3d at 453.

We disagree. Nothing in section 153.0071's plain language supports Hartley's view that a minor child of the adults who enter into an MSA is "a party to the agreement" for purposes of subsection (e-1), and she has presented no authorities to support her view. We conclude that subsection (e-1)'s exception does not apply.

*2. Case Law Exception*

To invoke the case law exception, both Hartley and the children's attorney ad litem presented arguments to the trial court.

    a. <u>Hartley's Arguments</u>

Hartley cites *In re Lee*'s proposition "that a trial court may decline to render judgment on a statutorily compliant MSA when it would endanger a child's safety and welfare." *See Highsmith*, 587 S.W.3d at 775 n.3 (citing *In re Lee*, 411 S.W.3d at 463–64, 466 (Guzman, J., concurring)); *In re Lee*, 411 S.W.3d at 463–64 (Guzman, J., concurring) (agreeing that "the Family Code allows a narrow inquiry into whether entering judgment on an MSA could endanger the safety and welfare of a child").

At the hearing, by argument of her counsel, Hartley alleged that Dustin had inappropriate contact with their daughter, their daughter made an outcry to the school resource officer, a police report was filed, and the Department investigated the incident. But Hartley did not know the results of the investigations, and she did not call any witnesses or proffer any evidence to support any of these allegations.

The trial court stated it was "not making any judgments . . . as to the reports that y'all are referring to dated May 23rd of 2023" and it acknowledged that "I haven't had access to those."

In reviewing an order from an evidentiary hearing where "no findings of fact or conclusions of law were requested or filed [we would ordinarily imply] that the trial court made all the findings necessary to support its [decision]." *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *accord BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). But here, neither party called any witnesses or proffered any evidence, and the trial court based its decisions on the parties' respective motions and arguments. *Cf. Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex. 1993) (noting that "the trial court heard no evidence but expressly based its decision

on the papers filed and the argument of counsel"); *In re Mansfield*, 2019 WL 2439104, at \*3 ("Motions and arguments of counsel are not evidence." (quoting *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ))).

Like *Parmelee*, "[u]nder these circumstances, there are no factual resolutions to presume in the trial court's favor." *See Parmelee*, 850 S.W.2d at 181. Hartley's unsworn objections motion contained only the MSA, and she produced no testimony or other evidence to support an implied finding that rendering judgment on the MSA would endanger the children's safety or welfare. *See Highsmith*, 587 S.W.3d at 775 n.3 (citing *In re Lee*, 411 S.W.3d at 463–64, 466 (Guzman, J., concurring)); *In re Mansfield*, 2019 WL 2439104, at \*3 (noting that the "trial court did not hear testimony from any witness and no other evidence was introduced" on the matter in question and determining that the trial court abused its discretion).

### b. Attorney Ad Litem's Request

In the hearing, the children's attorney ad litem asked the trial court not to enter an order on the MSA because it was not in the children's best interests. She stated she had interviewed the children about "the events that happened after the MSA was [executed]," and she "found the children to be very credible and genuine," but she did not state what "the events" were or testify to any facts to support her conclusion. *See In re A.H.*, 414 S.W.3d 802, 807 (Tex. App.—San Antonio 2013, no pet.) ("[C]onclusory testimony . . . even if uncontradicted does not amount to more than a scintilla of evidence."); *accord In re D.L.W.W.*, 617 S.W.3d 64, 84 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

She advised the trial court that she filed a written objection to its entering an order on the MSA, but her written objection was filed about half an hour before the hearing, and the trial court noted it had not seen it or read it.

The trial court's order denying Dustin's motion does not state that it considered the ad litem's written objection. Even if we assume it did, the written objection was not legally sufficient evidence because its few alleged facts were not sworn, and it did not include an affidavit, a deposition transcript, or any other evidence. *See In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 686 (requiring legally sufficient evidence to support a trial court's decision); *cf. Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) ("A mere pleading or a response to the summary judgment motion does not satisfy this burden of coming forward with sufficient evidence to prevent summary judgment."); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971) ("Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."); *Collin Cnty. Dist. Att'y's Office v. Fourrier*, 453 S.W.3d 536, 541 (Tex. App.—Dallas 2014, no pet.) ("[A] party's pleadings are not evidence of the facts alleged therein.").

The ad litem's written objection was merely an unsworn pleading containing conclusory allegations, which was not legally sufficient evidence to support the trial court's finding regarding the safety and welfare of the children. *See Hidalgo*, 462 S.W.2d at 543; *Fourrier*, 453 S.W.3d at 541; *In re A.H.*, 414 S.W.3d at 807.

Having reviewed all that the trial court considered,[2] we conclude there was no evidence to support a case law "safety and welfare of the children" exception.

### 3. Material Breach

As a putative third exception, Hartley also argues that after the MSA was executed but before the hearing on Dustin's motion to enter, Dustin materially breached the MSA.

We recognize that "[i]t is unsettled whether ordinary contract defenses render MSAs unenforceable under the statutory provisions governing MSAs." *In re Willeford*, No. 04-20-

---

[2] "[A]n appellate court is not free to search the entire record, including materials not cited to or relied on by the trial court." *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.).

00495-CV, 2021 WL 356242, at *2 (Tex. App.—San Antonio Feb. 3, 2021, orig. proceeding) (citing *Highsmith*, 587 S.W.3d at 777 n.5). But we need not reach that question.

Hartley's unsworn pleadings were not evidence, *see Hidalgo*, 462 S.W.2d at 543, and she presented no witnesses or evidence of Dustin's alleged material breaches. Thus, even if we assume that a material breach of an MSA—after it was executed but before the hearing on the motion to enter—could excuse the trial court from entering a judgment on the MSA, Hartley produced no evidence of any material breach. Accordingly, Hartley's material breach argument fails.

## C. Abuse of Discretion

Because the MSA met the statutory requirements, the trial court was required to enter an order or judgment implementing the MSA's terms unless an exception applied. *See* Tex. Fam. Code Ann. § 153.0071(d), (e-1); *Highsmith*, 587 S.W.3d at 775; *In re A.C.*, 560 S.W.3d at 632. But here, none apply.

First, there was no evidence of section 153.0071(e-1)'s first two essential elements. *See* Tex. Fam. Code Ann. § 153.0071(e-1); *In re Lee*, 411 S.W.3d at 453 (recognizing subsection (e-1)'s three requirements: "(1) a party to the agreement was a victim of family violence, *and* (2) the court finds the family violence impaired the party's ability to make decisions, *and* (3) the agreement is not in the child's best interest").

Second, there was no evidence to support a finding that the children's safety and welfare was endangered. *See In re Lee*, 411 S.W.3d at 462 (Guzman, J., concurring) ("[A] majority of the Court agrees that if there is *evidence* of endangerment, an additional mechanism the trial court possesses to protect the child is to refuse to enter judgment on the MSA." (emphasis added)).

Third, even assuming a material breach of an MSA could allow a trial court to decline to enter an order or judgment on the MSA, Hartley presented no evidence of any material breach.

Therefore, despite the trial court's concerns for the safety and welfare of the children, it was the trial court's duty to enter an order or judgment on the MSA.[3]  *See Highsmith*, 587 S.W.3d at 775; *In re A.C.*, 560 S.W.3d at 632.  Its denial of Dustin's motion to enter was an abuse of discretion.  *See Weisel Enters.*, 718 S.W.2d at 58; *D.N.S.*, 937 S.W.2d at 155; *see also In re Pirelli Tire, L.L.C.*, 247 S.W.3d at 686.

## DISPOSITION

We conditionally grant Dustin's petition for writ of mandamus.  We direct the trial court to vacate its October 16, 2023 "Order Regarding Respondent's Motion to Enter Order, Petitioner's Objections to Motion to Enter and Request for Trial Setting" and enter an order or judgment in accordance with the parties' April 21, 2023 Mediated Settlement Agreement.

Patricia O. Alvarez, Justice

---

[3] "Even after issuing a final order, a trial court may act to protect the safety and welfare of a child by issuing protective orders, by issuing temporary orders during an appeal, by ruling on motions to modify, or through habeas corpus proceedings, again upon proper motion."  *In re Lee*, 411 S.W.3d 445, 456–57 (Tex. 2013).